19 F.3d 11
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William Grimm LAWHORNE, Jr., Petitioner-Appellant,
v.
Edward MURRAY, Respondent-Appellee.
 No. 93-6749.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 27, 1994.
Decided March 1, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James H. Michael, Jr., District Judge. (CA-92-550-R)
 George Rutherglen, University of Virginia School of Law, Charlottesville, VA, for appellant.
 Stephen D. Rosenthal, Atty. Gen. of VA, Robert H. Anderson, III, Asst. Atty. Gen., Richmond, VA, for appellee.
 W.D.Va.
 AFFIRMED.
 Before HAMILTON and LUTTIG, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 William Grimm Lawhorne, Jr., appeals from the district court's order denying relief on his 28 U.S.C. Sec. 2254 (1988) petition. A jury convicted Lawhorne on one count of rape and one count of forcible sodomy after a trial. Gordon W. Poindexter represented Lawhorne during the trial. Despite the fact that Lawhorne maintained that he could not recall any of the events of the evening and early morning of the rape, Poindexter attempted to mount a defense based primarily on a theory of consent. Poindexter also attempted to create a reasonable suspicion that the victim only reported the encounter with Lawhorne as a rape after she contracted a venereal disease. Poindexter did not put on any witnesses in Lawhorne's defense. Consequently, at trial, the victim's account of the evening's events went virtually uncontradicted.
 
 
 2
 After trial, Poindexter moved to set aside the verdict. At the hearing on this motion, Poindexter called Donnie Logwood to testify regarding the events at a party that Logwood hosted and the victim had testified to attending preceding the rape. Logwood testified that the victim and Lawhorne were "partying" and getting "pretty close" at the party. Logwood also testified that they left the party together to go to Lawhorne's trailer. Logwood speculated that they were going to have sex.
 
 
 3
 After this hearing, the state court denied the motion to set aside the verdict and entered judgment on the verdict. Direct appeal to both the Court of Appeals of Virginia and the Supreme Court of Virginia was fruitless. After direct appeal, Lawhorne filed for habeas corpus relief in the Supreme Court of Virginia claiming ineffective assistance of counsel. Lawhorne submitted affidavits from his mother, Mary Lawhorne, and from Donnie Logwood to the effect that Poindexter knew about Donnie Logwood before trial but failed to call him as a witness. The Supreme Court of Virginia denied the petition.
 
 
 4
 Lawhorne then filed this 28 U.S.C. Sec. 2254 petition for federal habeas relief supported by essentially the same affidavits he used on state habeas corpus. The district court dismissed most of Lawhorne's claims of ineffective assistance, but ordered an evidentiary hearing to explore whether Poindexter knew about Logwood before trial and whether his failure to call Logwood constituted ineffective assistance.
 
 
 5
 At the hearing, Poindexter maintained that he was unaware of Logwood and his potential testimony until after the trial. The magistrate judge resolved the question of credibility against Lawhorne and his witnesses, citing numerous inconsistencies in their testimony. Based on this finding, the magistrate judge recommended that the petition for habeas corpus be denied. The district court adopted the magistrate judge's recommendations after a de novo review and denied the petition. Lawhorne noted this appeal, which has been fully briefed by counsel and the case is ripe for decision.
 
 
 6
 Lawhorne's appeal presents two issues. First, whether Lawhorne properly raised and preserved his ineffective assistance of counsel claim based on inadequate investigation, and second, whether the failure to investigate Logwood and his potential testimony amounted to a constitutionally deficient performance by Lawhorne's trial counsel.
 
 
 7
 Assuming, without deciding, that this claim was properly raised and preserved,[1] the record shows that it warrants no relief. The inquiry concerning the ineffective assistance of counsel is governed by a two-part test. Strickland v. Washington, 466 U.S. 668 (1984). First, the petitioner must show that his counsel's representation fell below an objective standard of reasonableness. Id. at 687-91. Second, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. However, the inquiry regarding counsel's performance may be bypassed if it is more efficient to dispose of the claim on the ground of lack of prejudice. Id. at 697.
 
 
 8
 The defendant bears the burden of proving Strickland prejudice. See Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir.1983), cert. denied, 464 U.S. 1065 (1984). Here, Lawhorne has simply failed to demonstrate that it was sufficiently prejudicial for Poindexter to fail to investigate Logwood and his testimony. In order to warrant habeas relief for constitutionally defective assistance, Lawhorne must show that Logwood's testimony was "of a sufficiently high probative force probably to generate saving doubt." Washington v. Murray, 952 F.2d 1472, 1479 (4th Cir.1991); see also Hoots v. Allsbrook, 785 F.2d 1214, 1220 (4th Cir.1986) (citing Strickland to require it be "reasonably likely" omitted testimony would have cause different result). Even assuming that Logwood's testimony at trial would have been the same as it was in the evidentiary hearing,[2] the most exculpatory aspect of it is that it contradicts the victim's testimony concerning her recollection of the events at the party. While we are not unmindful that the district court noted that Logwood's "testimony would have been critical to [the defense's] consent theory," J.A. at 61, we note that the court below reached this conclusion before the magistrate judge's determination of the credibility of Logwood. See Smith v. Smith, 931 F.2d 242, 245 (4th Cir.1991) (holding defendant not prejudiced by failure to call eyewitness who was not credible).
 
 
 9
 At best, this testimony weakens the victim's credibility. Notwithstanding this possibility, to somehow assume that this contradiction is significantly probative evidence as to whether the victim consented to sex with Lawhorne later that morning is simply too speculative a connection to satisfy the prejudice component for habeas corpus relief under Strickland. Even if Poindexter erred in failing to pursue Logwood's testimony it does not undermine confidence in the outcome. Lawhorne has failed to show prejudice under Strickland and, therefore, is not entitled to habeas corpus relief for ineffective assistance of counsel.
 
 
 10
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 
 [1]
 Appellant argues on appeal that the district court misconceived the nature of his ineffective assistance of counsel claim and improperly narrowed the inquiry to only whether counsel know of Logwood and his potential testimony prior to trial
 
 
 [2]
 The magistrate judge concluded that Logwood's "story has not been the same two times running." J.A. at 37